AO 106 (Rev. 04/10) Application for a Search Warrant

RTG for AUSA Lee

# UNITED STATES DISTRICT COURT
for the
Southern District of California

FILED
2017 AUG 10 AM 11:09

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY  EF    DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

One (1) Apple iPhone 7 Cellular Telephone;
IMEI: 359305061007548

Case No. 17MJ8818

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Attachment A, incorporated herein by reference.

located in the _____Southern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

Attachment B, incorporated here in by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C. §§ 952, 960, 963 | Importation of a Controlled Substance and Conspiracy to Import a Controlled Substance. |

The application is based on these facts:
See attached Affidavit of Homeland Security Investigations Task Force Officer Jose Cuellar, incorporated herein by reference.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Jose Cuellar, Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 10, 2017 @ 9:00 a.m.

_____
Judge's signature

City and state: El Centro, California

Hon. Peter C. Lewis, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

Apple iPhone 7 Cellular Telephone
IMEI: 359305061007548

Currently in the possession of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, 2051 N. Waterman Ave., El Centro, California 92243.

## ATTACHMENT B

The cellular telephone and any storage devices, such as SIM cards or flash memory devices attached to, inserted in or seized with the device, will be analyzed and the following data will be seized only to the extent that it contains or depicts evidence of violations Title 21, U.S.C, §§ 952, 960, and 963, Importation of a Controlled Substance and Conspiracy, including evidence reflecting use, dominion and control of the device.

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

   a. tending to indicate efforts to possess, transport, import, and deliver controlled substances from Mexico to the United States;

   b. tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to indicate efforts to possess, transport, import, and deliver controlled substances from Mexico to the United States;

   c. tending to identify co-conspirators, criminal associates, or others involved in the possession, transportation, importation, and delivery of controlled substances from Mexico to the United States;

   d. tending to identify travel to or presence at locations tending to indicate the preparation or execution of the possession, transportation, importation, and delivery of controlled substances from Mexico to the United States;

   e. tending to identify the user of, or persons with control over or access to, the subject phone; or

   f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

RTG for AUSA Lee

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br>One (1) Apple iPhone 7 Cellular Telephone; IMEI ID: 359305061007548 | Case No.: 17MJ8818<br><br>AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT |

## AFFIDAVIT

I, Jose Cuellar, being duly sworn, declare and state:

### INTRODUCTION

1. This affidavit is made in support of an application to search each of the following cellular telephone:

> Apple iPhone 7
> IMEI: 359305061007548

referred to as "Target Telephone" and as described in Attachment A and seize evidence of crimes, specifically, Title 21, United States Code, §§ 952, 960, and 963, Importation of Controlled Substances and Conspiracy to Import Controlled Substances.

2. Target Telephone was seized from Vicente Rizo ("Rizo") at the time of his arrest at the Calexico, California West Port of Entry ("Calexico West POE") for Importation of a Controlled Substance in violation of Title 21 United States Code § 952, 960 on May 7, 2017.

3. Target Telephone is in the possession of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), located at 2051 N. Waterman Ave., El Centro, California 92243.

4. Based on the information that follows, there is probable cause to believe that a

1  search of Target Telephone will produce evidence of the aforementioned crimes, as
2  described in Attachment B.

3      5. In preparing this affidavit, I have conferred with other agents and law
4  enforcement personnel who are experienced in the area of drug smuggling, and the
5  opinions stated below are shared by them. Further, I have personal knowledge of the
6  following facts, or have had them related to me by persons mentioned in this affidavit.
7  Because this affidavit is made for the limited purpose of obtaining a search warrant for
8  the Target Telephone, it does not contain all of the information known by me or other
9  federal agents regarding this investigation, but only contains those facts believed to be
10 necessary to establish probable cause.

## EXPERIENCE AND TRAINING

12     6. I am a Task Force Officer ("TFO") assigned to the HSI Assistant Special
13 Agent in Charge in Calexico, California. assigned to the Imperial Valley Border
14 Enforcement Taskforce ("IV-BEST"). I have been assigned as a TFO with IV-BEST since
15 October 2, 2015. I am employed by the Imperial County District Attorney's Office, as
16 District Attorney Investigator, and have been since September 12, 2012. I have been a
17 Police Officer in the State of California since 1997. I have completed a 240 hour basic
18 Peace Officer Standards of Training academy at the Riverside County Sheriff's Academy,
19 in Riverside, California. I have also completed the Homeland Security Investigations Task
20 Force Officer Course, including Title 12 training. As a result of my training and experience
21 as a Task Force Officer, and Police Officer, I am familiar with federal criminal statutes to
22 include violations of Title 18, 21, 31 and 8 of the United States Code.

23     7. I am a Federal Law Enforcement Officer within the meaning of Rule 41(b) of
24 the Federal Rules of Criminal Procedure, that is, a government agent engaged in the
25 enforcement of the criminal laws of the United States, and thereby authorized to request
26 issuance of federal search and seizure warrants. As such, I am empowered to conduct
27 investigations of, and to make arrests for, offenses numerated in Title 18, U.S.C. § 2516. I

have been cross-designated by the Drug Enforcement Administration ("DEA") to conduct investigations and make arrests based on violations of Title 21 of the United States Code.

8. As a TFO with HSI, my primary duties include the investigation of narcotics-related violations of Title 21 of the United States Code. I have participated in and conducted investigations of violations of various Federal criminal laws, including distribution of controlled substances, use of a communication facilities to commit narcotic offenses, importation of controlled substances, conspiracy to import, possess and distribute controlled substances, money laundering, and bulk cash smuggling, all in violation of Title 18, Title 21, and Title 31 of the United States Code. I have conducted several investigations as it relates to California Health and Safety Code and California Penal Code violations. I have authored several search warrants for these offenses. These investigations resulted in arrests of individuals who have imported, smuggled, received, transported and/or distributed controlled substances. I have also arrested individuals who have transported and received bulk cash. Also, these investigations resulted in seizures of illegal drugs and narcotics proceeds. Through these investigations and training, I am familiar with the operations of illegal international Drug Trafficking Organizations ("DTO") in California and various parts of the US, to include Mexico.

9. Through the course of my training, investigations, and conversations with other law enforcement personnel, I am aware that it is a common practice for drug smugglers to work in concert with other individuals and to do so by utilizing cellular telephones, pagers and portable radios to maintain communications with co-conspirators in order to further their criminal activities. I have also witnessed such practices while working in an undercover capacity during the course of several investigations. Conspiracies involved in the smuggling and trafficking of drugs generate many types of evidence including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel and payment, names, photographs, text messaging (via SMS or other applications), and phone numbers of co-conspirators. For example, load drivers smuggling controlled substances across the border are typically in

telephonic contact with co-conspirators immediately prior to and following the crossing of the load vehicle, at which time they receive instructions on how to cross and where and when to deliver the controlled substance.

    10.    In preparing this affidavit, I have conferred with other agents and law enforcement personnel who are experienced in the area of drug smuggling investigations, and the opinions stated below are shared by them. Further, I have personal knowledge of the following facts, or have had them related to me by persons mentioned in this affidavit. Based upon my training and experience as a Special Agent, and consultations with law enforcement officers experienced in drug smuggling investigations, I am also aware that:

    a.    Drug smugglers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages;

    b.    Drug smugglers will use cellular telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit;

    c.    Drug smugglers and their accomplices will use cellular telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations;

    d.    Drug smugglers will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo;

    e.    Drug smugglers will use cellular telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings; and

    f.    The use of cellular telephones by smugglers tends to generate evidence that is stored on the cellular telephones, including, but not limited to emails, text messages, photographs, audio files, call logs, address book entries, IP addresses, social network data, and location data.

11. Because this affidavit is made for the limited purpose of obtaining a search warrant for the Target Telephone, it does not contain all of the information known to myself or other federal agents regarding this investigation, but only contains those facts believed to be necessary to establish probable cause.

## FACTS SUPPORTING PROBABLE CAUSE

12. On May 7, 2017, Customs and Border Protection ("CBP") Officer E. Pelayo encountered Rizo while he was in the vehicle pre-primary area of the Calexico West POE. Rizo was the driver, sole occupant, and registered of a 2002 Lincoln sedan.

13. During the inspection, Rizo stated that he was going home to Fresno, California after spending a weekend in Mexicali. Rizo declared a souvenir that he purchased in Mexicali.

14. During the inspection, CBP Officer E. Pelayo screened the rocker panels using a density reader and received higher than normal density readings. CBP Officer E. Pelayo attempted to look inside the rocker panel, but the access was blocked.

15. CBP Officer G. Hernandez screened Rizo's car with his Narcotics and Human Detection Dog and received a positive alert. Rizo was brought to the security office and the car was referred to secondary inspection.

16. In secondary inspection, CBP Officer C. Araujo inspected the rocker panels and recovered twenty (20) packages containing a substance that tested positive for the properties of methamphetamine. The total weight of the packages recovered from the rocker panels was 9.94 kilograms (21.91 pounds).

17. CBP Officers recovered Target Telephone from Rizo's person incident to his arrest.

18. I advised Rizo of his Miranda rights, I asked him if he would like to make a statement and Rizo responded "No, shit, I did not know that shit was in there," and asked for an attorney. During processing, Rizo claimed ownership of Target Telephone.

//

//

## SEARCH METHODOLOGY

19. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

20. Following the issuance of this warrant, I will collect the Target Telephone and subject it to analysis. All forensic analysis of the data contained within the Target Telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

21. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel

1  conducting the identification and extraction of data will complete the analysis within
2  ninety (90) days of the date the warrant is signed, absent further application to this court.
3  //
4  //
5  //
6  //
7  //
8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## CONCLUSION

22. Based on all of the facts and circumstances described above, there is probable cause to conclude that Rizo used the Target Telephone to facilitate the offenses of Importation of a Controlled Substance and Conspiracy. In this case, Rizo was driving a drug-laden car from Mexico into the United States. Based on my training and experience, I believe that it is likely that Target Telephone was used to assist in navigating to the location where the car and drugs were to be dropped off. Rizo likely used Target Telephone to facilitate the offense by transmitting and storing data, which constitutes evidence, fruits, and instrumentalities of violations of Title 21, United States Code, §§ 952, 960, and 963.

23. Because Target Telephone was seized at the time of Rizo's arrest for this offense, there is probable cause to believe that evidence of illegal activity committed by Rizo continues to exist on Target Telephone.

24. WHEREFORE, I respectfully request that the court issue a warrant authorizing HSI Special Agents and/or other federal and state law enforcement officers to search the items described in Attachment A, and the seizure of items listed in Attachment B, using the methodology described above.

I swear the foregoing is true and correct to the best of my knowledge and belief.

JOSE CUELLAR
Task Force Officer
Homeland Security Investigations

Subscribed and sworn to before me this /0th day of August 2017.

HON. PETER C. LEWIS
United States Magistrate Judge